CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IJEOMA U. EKE (Bar No. 331938)
(E-Mail: Ijeoma_Eke@fd.org)
KATE MORRIS (Bar No. 332159)
(E-Mail: Kate_Morris@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
STEVE LEE DOMINGUEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEVE LEE DOMINGUEZ<br>Defendant. | Case No. CR 22-177-ODW<br>**STEVE LEE DOMINGUEZ'S MOTION *IN LIMINE* TO EXCLUDE 2004 PRIOR CONVICTION PURSUANT TO FRE 609(b)**<br>Hearing Date: October 16, 2023<br>Hearing Time: 1:30 p.m. |

TO: UNITED STATES ATTORNEY E. MARTIN ESTRADA AND ASSISTANT UNITED STATES ATTORNEYS FRANCES S. LEWIS AND SURIA BAHADUE:

PLEASE TAKE NOTICE that on October 16, 2023, at 1:30 p.m. in the Courtroom of the Honorable Otis D. Wright II, United States District Court Judge, defendant Steve Lee Dominguez, will bring on for hearing the following motion:

**MOTION**

Defendant Steve Lee Dominguez, by and through his attorneys of record, Deputy Federal Public Defender Ijeoma U. Eke and Deputy Federal Public Defender Kate Morris, hereby moves this Honorable Court for an order precluding the government from impeaching Mr. Dominguez, if he elects to testify at trial, with his 2004 misdemeanor conviction for disturbing the peace. Such evidence violates Federal Rule 609.

This motion is based upon the attached memorandum of points and authorities, declaration, exhibits, the Due Process Clause of the United States Constitution, all files and records in this case, and such further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

CUAHTEMOC ORTEGA
Federal Public Defender

DATED: September 25, 2023 By */s/ Ijeoma U. Eke*

IJEOMA EKE
Deputy Federal Public Defender
KATE MORRIS
Deputy Federal Public Defender
Attorneys for Steve Lee Dominguez

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION AND PERTINENT FACTS ... 1

II. ARGUMENT ... 1

A. STEVE LEE DOMINGUEZ'S PRIOR CONVICTION IS INADMISSIBLE UNDER FRE 609. ... 1

1. The Government Must Establish That The Probative Value of the Prior Conviction on a Testifying Defendant's Credibility Substantially Outweighs the Prejudice to the Defendant. ... 2

a. The impeachment value of the prior crime ... 3

b. The temporal relationship and the similarity between the prior offense and the offense charged ... 5

c. The Importance of Mr. Dominguez's Testimony at Trial ... 5

d. The Centrality of the Credibility Issue ... 6

III. CONCLUSION ... 8

## TABLE OF AUTHORITIES

PAGE(S)

**Federal Cases**

*United States v. Bagley*,
772 F.2d 482 (9th Cir. 1985) .......... 2, 3, 4

*United States v. Bensimon*,
172 F.3d 1121 (9th Cir. 1999) .......... 2, 4

*United States v. Brackeen*,
969 F.2d 827 (9th Cir. 1992) (en banc) .......... 4

*Campbell v. Greer*,
831 F.2d 700 (7th Cir. 1987) .......... 6

*United States v. Cook*,
608 F.2d 1175 (9th Cir. 1979) (en banc) .......... 4

*Gomez v. County of Los Angeles*,
2011 U.S. Dist. LEXIS 169610 (C.D. Cal. July 21, 2011) .......... 3

*Gomez v. Cty. of Los Angeles*,
2010 U.S. Dist. LEXIS 154344 (C.D. Cal. May 3, 2010) .......... 3

*United States v. Hursh*,
217 F.3d 761 (9th Cir. 2000) .......... 3

*United States v. Lipps*,
659 F.2d 960 (9th Cir. 1981) .......... 4

*United States v. Mercado*,
2020 WL 999842 (N.D. Cal. 2020) .......... 1

*Mitchell v. United States*,
526 U.S. 314 (Scalia, J., dissenting) .......... 5

*United States v. Niakate*,
2011 WL 2267636 (M.D. Pa. 2011) .......... 4

*United States v. Ortega*,
561 F.2d 803 (9th Cir. 1977) .......... 4

*United States v. Portillo*,
633 F.2d 1313 (9th Cir. 1980) .......... 2

*Simpson v. Thomas*,
528 F.3d 685 (9th Cir. 2008) .......... 2

*Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*,
771 Fed. App'x 767 (9th Cir. 2019) .......... 2

**Federal Statutes**

18 U.S.C. § 245(a) (b)(5) .......... 1

**Other Authorities**

Christopher Slobogin, *Testilying: Police Perjury and What to Do About It*,
67 U. COLO. L. REV. 1037, 1040 n.11 (1996) .......... 6

*How Jurors Really Misuse Prior Conviction Evidence*, 48 DRAKE L. REV.
1, 19 (1999) .......... 5

Jeffrey Bellin, *Improving the Reliability of Criminal Trials Through Legal Rules That Encourage Defendants To Testify*, U. CIN. L. REV. 851, 852-54 (Spring 2008) .......... 6

John H. Blume, *The Dilemma of the Criminal Defendant With a Prior Record – Lessons From the Wrongfully Convicted* .......... 5

Joseph Goldstein, '*Testilying' by Police: A Stubborn Problem*, N.Y. TIMES
(Mar. 18, 2018) .......... 6

Federal Rules of Evidence 609 .......... *passim*

Federal Rules of Evidence 403 .......... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PERTINENT FACTS

Steve Lee Dominguez is charged in a two-count indictment with Interference with Federally Protected Rights in violation of 18 U.S.C. § 245(a) and 18 U.S.C. § 245(b)(5). In the event that Mr. Dominguez testifies, the government intends to introduce evidence of his 2004 misdemeanor conviction for disturbing the peace pursuant to Federal Rules of Evidence 609. However, such evidence is inadmissible. Mr. Dominguez files this motion seeking an order precluding the government from impeaching him with his 2004 misdemeanor conviction if he exercises his right to testify at trial.

## II. ARGUMENT

### A. STEVE LEE DOMINGUEZ'S PRIOR CONVICTION IS INADMISSIBLE UNDER FRE 609.

Steve Lee Dominguez's prior misdemeanor conviction is inadmissible under Rule 609. Rule 609(a)(2) authorizes the admission of a past criminal conviction "for any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." However, Rule 609(b) goes on to "Limit . . . Using the Evidence After 10 Years." Under Rule 609(b), "if more than 10 years have passed since the witness's conviction or release from confinement from it, whichever is later," the conviction is admissible "only if: (1) its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice." (emphasis added); *see also United States v. Mercado*, 2020 WL 999842, *3 (N.D. Cal. 2020) ("Regardless of whether convictions are admissible under . . . Rule 609(a)(2)'s per se rule for convictions involving dishonesty or false statements, . . . Rule 609(b) imposes limitations if those convictions are over ten years old."). This operates as a "presumption...against [the]

admissibility" of such convictions. *United States v. Portillo*, 633 F.2d 1313, 1323 (9th Cir. 1980). The advisory committee notes to Rule 609 elaborate that "convictions over 10 years old will be admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609, advisory committee notes to 1974 enactment.

As a threshold matter, Rule 609(b) applies here because Mr. Dominguez's conviction is more than 10 years old.

**1. The Government Must Establish That The Probative Value of the Prior Conviction on a Testifying Defendant's Credibility Substantially Outweighs the Prejudice to the Defendant.**

Impeachment is properly relied upon only to the extent that it reflects upon the credibility of the witness. In light of this purpose, "prior felony convictions which do not in themselves implicate the veracity of the witness may have little impact on credibility" and, therefore, should ordinarily not be admitted. *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985). In situations where "more than 10 years have passed since the witness's conviction or release from confinement," "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b); *United States v. Bensimon*, 172 F.3d 1121, 1125-26 (9th Cir. 1999) (applying Rule 609(b) balancing to a "seventeen-year-old mail fraud conviction"). The Ninth Circuit has clarified that courts acting pursuant to Rule 609(b) should analyze the same five factors that are relevant to Rule 609(a)(1)'s five-factor balancing test. *See Simpson v. Thomas*, 528 F.3d 685, 690 n.3 (9th Cir. 2008) (noting that in determining whether "the probative value substantially outweighs the prejudice" pursuant to Rule 609(b), courts should consider the five factors from Hursh); *Worldwide Subsidy Grp., LLC v. Fed'n Int'l de Football Ass'n*, 771 Fed. App'x 767, 768 (9th Cir. 2019) ("In balancing the probative value of Worldwide's witness's prior conviction for mail fraud against that evidence's prejudicial effect, as required by Federal Rule of Evidence 609(b), the

district court properly considered five relevant factors identified by this circuit." (citing *Hursh*, 217 F.3d at 768)).

However, while Rule 609(a)(1)'s and Rule 609(b)'s tests consider the same factors, Rule 609(a)(1) and Rule 609(b) employ different standards in weighing whether to admit convictions. "[U]nder Rule 609(a), the court must determine whether the probative value of the conviction is 'substantially outweighed by the danger of unfair prejudice' under Rule 403." *Gomez v. Cty. of Los Angeles*, 2010 U.S. Dist. LEXIS 154344, 2010 WL 11598025, at *4 (C.D. Cal. May 3, 2010). "By contrast, before admitting a conviction older than ten years under Rule 609(b), the court must find 'that the probative value of the conviction . . . substantially outweighs its prejudicial effect." *Id*. If a party seeks to admit evidence of a conviction that is over ten years old, the proponent of the evidence bears the burden of demonstrating that the evidence's probative value substantially outweighs its prejudicial effect. *Id*. (collecting cases); *Gomez v. County of Los Angeles*, 2011 U.S. Dist. LEXIS 169610, 2011 WL 13269747, at *2 (C.D. Cal. July 21, 2011) ("[P]roponents of the evidence . . . bear the burden of proof to show that the prior . . . conviction is admissible under Rule 609.").

The Ninth Circuit has articulated five factors a court must consider when evaluating the admissibility of a prior conviction for impeachment purposes: (1) the impeachment value of the prior crime; (2) the temporal relationship between the conviction and the subsequent history of the defendant; (3) the similarity between the prior offense and the offense charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *United States v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985) (internal citation omitted); *see also United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). Meaningful consideration of all of these factors compels the conclusion that Mr. Dominguez's prior conviction should be excluded.

**a. The impeachment value of the prior crime**

If Mr. Dominguez testifies, he does not intend to misrepresent his character. In the instances in which the Ninth Circuit upheld the district court's ruling to admit the

defendant's prior convictions for impeachment purposes, there was reason to believe that the defendant would misrepresent his character to the jury. *See United States v. Cook*, 608 F.2d 1175, 1187 (9th Cir. 1979) (en banc), *cert. denied*, 444 U.S. 1034, 100 S. Ct. 706, 62 L. Ed. 2d 670 (1980). However, when there was no such reason to believe that the defendant would misrepresent his character, such impeachment evidence was precluded. *See Bagley*, 772 F.2d at 488. Similar to *Bagley*, there is no evidence that shows that Mr. Dominguez intends to misrepresent his character to the jury.

Further, the prior conviction does not involve dishonesty, fraud, or false statements, limiting its relevance to the question of Mr. Dominguez's credibility. *See United States v. Brackeen*, 969 F.2d 827 (9th Cir. 1992) (en banc) (holding that bank robbery is not a crime of "dishonesty"); *United States v. Lipps*, 659 F.2d 960 (9th Cir. 1981) (finding that robbery conviction was not particularly probative under facts of the case, but finding error harmless); *United States v. Ortega*, 561 F.2d 803, 806 (9th Cir. 1977) (holding that "crimes that involve some element of misrepresentation or other indicium of a propensity to lie" are more probative of truthfulness than "those crimes which, bad though they are, do not carry with them a tinge of falsification"); *United States v. Niakate*, 2011 WL 2267636, *1 (M.D. Pa. 2011) ("Defendant was convicted of fraud in relation to false identification documents, and that crime requires a showing that defendant knowingly engaged in the use or possession of false identity documents. As such, the government may introduce this evidence on cross-examination [under Rule 609] to attack defendant's character for truthfulness."); *see also United States v. Bensimon*, 172 F.3d 1121, 1125-27 (9th Cir. 1999) (holding that district court erred by allowing defendant to be impeached with 17-year-old mail fraud conviction, in part because the probative value of the conviction "was very low" despite its fraudulent nature). Nor has the government alleged that any specific facts of the conviction bear on Mr. Dominguez's credibility. Therefore, the impeachment value of his prior conviction is low and militates in favor of exclusion.

**b. The temporal relationship and the similarity between the prior offense and the offense charged**

The conviction that the government intends to introduce as impeachment evidence occurred in 2004—seventeen years before the instant offense which weighs in favor of exclusion. And while the prior conviction, disturbing the peace, is dissimilar to the instant offense, this factor alone is insufficient for the government to carry its burden of establishing that the probative value substantially outweighs the prejudicial value. Therefore, when balanced with the other factors, the weight overwhelmingly militates in favor of exclusion.

**c. The Importance of Mr. Dominguez's Testimony at Trial**

The Court must also consider the importance of Mr. Dominguez's testimony at trial. As a result of the "harsh reality of Rule 609, many defendants [remain] silent, thus depriving the jury of the most critical piece of testimony available to them." Robert D. Dodson, *What Went Wrong With Federal Rule of Evidence 609: A Look at How Jurors Really Misuse Prior Conviction Evidence*, 48 DRAKE L. REV. 1, 19 (1999). The exclusion of such important testimony is dangerous because data shows "that approximately half of Americans believe that a defendant who does not testify in his or own defense is guilty." John H. Blume, *The Dilemma of the Criminal Defendant With a Prior Record – Lessons From the Wrongfully Convicted*, 5 JOURNAL OF EMPIRICAL LEGAL STUDIES 477, 478 n.1 (Issue 3 Sept. 2008) (citation omitted). *See also id*. at 287 ("If the defendant does not testify, then the jury is likely to draw the inference that he or she has something to hide or, more specifically, that the defendant is guilty."). This conclusion, while wholly improper, accords with their experience—experience they are expressly encouraged to use as they deliberate a defendant's fate. *Cf. Mitchell v. United States*, 526 U.S. 314, 333 ("If I ask my son whether he saw a movie that I had forbidden him to watch, and he remains silent, the import of his silence is clear.") (Scalia, J., dissenting).

Mr. Dominguez's testimony, by virtue of being the defendant, is vitally important to this case. *See generally* Jeffrey Bellin, *Improving the Reliability of Criminal Trials Through Legal Rules That Encourage Defendants To Testify*, U. CIN. L. REV. 851, 852-54 (Spring 2008) (increase in non-testifying defendants results from "elaborate jurisprudence permitting numerous burdens to be placed on the right to testify[,]" but carries "decided disadvantages for both the criminal justice system and society in general when the right to remain silent is invoked."). "This deprivation increases the danger of a verdict based on "a partial . . . presentation of the facts" and at the same time impairs the related "public interest in a full and truthful disclosure of critical facts."" *Id*. (citations omitted).Thus, this factor militates in favor of excluding his prior conviction.

**d. The Centrality of the Credibility Issue**

Mr. Dominguez's credibility is paramount, and that, too, weighs in favor of excluding the prior conviction. As Judge Posner noted in *Campbell*, the assertion that felons or those convicted of a crime are more prone to commit perjury is of questionable merit. *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) (proposition that felons lie on stand more often than witness with no record or only misdemeanor record "is one of many important empirical assertions about law that have never been tested, and may be false.") (citations omitted). It should be noted that the phenomenon known as "testilying" by police officers could be invoked as an equivalently broad-based assertion about the credibility of police officers, but the government would immediately argue that this phenomenon says nothing about the individual officers who will testify in this case. *See e.g.*, Christopher Slobogin, *Testilying: Police Perjury and What to Do About It*, 67 U. COLO. L. REV. 1037, 1040 n.11 (1996) (citing City of N.Y., Commission to Investigate Allegations of Police Corruption and the Anti-Corruption Procedures of the Police Department: Commission Report 36 (1994)); Joseph Goldstein, '*Testilying' by Police: A Stubborn Problem*, N.Y. TIMES (Mar. 18, 2018); https://www.nytimes.com/2018/03/18/nyregion/testilying-police-perjury-new-

york.html. Likewise, the jury does not need to be informed of a defendant's prior conviction to understand that he may be motivated to lie. It is, therefore, simply not necessary to admit prior conviction evidence to ensure that the jury will evaluate the defendant's testimony. It is, however, necessary to limit that evidence in order to ensure that the defendant is able to offer his testimony.

Just as the jury is capable of judging the credibility of individual police officers without hearing about either the phenomenon of testilying generally or about every civilian complaint ever lodged against an individual officer, they are capable of judging an individual defendant's credibility without knowing about every past criminal infraction. Indeed, social science has shown that there is no risk that a jury will take a defendant at his word if the jurors are not informed of his prior convictions. *See* Dodson at 20. Therefore, given the evidence indicating that juries do not effectively limit their consideration of prior conviction evidence, *see* Bellin (citing studies and articles regarding jurors' misuse of impeachment evidence and inefficacy of limiting instructions), excluding the evidence of prior convictions does not confer any advantage upon the defendant. It simply produces a more level playing field.

//

//

//

## III. CONCLUSION

Based on the aforementioned reasons, the factors weigh in favor of exclusion. Therefore, the government is unable to meet its burden of demonstrating that the probative value substantially outweighs the prejudicial value. Thus, Mr. Dominguez requests an order prohibiting the government from impeaching him, if he chooses to testify, with his 2004 conviction for disturbing the peace, as a violation of Federal Rules of Evidence 609.

Respectfully submitted,

CUAHTEOMOC ORTEGA
Federal Public Defender

DATED: September 25, 2023

By */s/ Ijeoma U. Eke*

IJEOMA U. EKE
Deputy Federal Public Defender
KATE MORRIS
Deputy Federal Public Defender
Attorneys for STEVE LEE DOMINGUEZ