```
                                                          FILED
                                               CLERK, U.S. DISTRICT COURT

                                                   10/26/23

                                               CENTRAL DISTRICT OF CALIFORNIA
                                               BY:        SE        DEPUTY
```

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
Public Corruption and Civil Rights Section
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorney
Criminal Appeals Section
    1500/1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-5840/5487
    Facsimile:  (213) 894-0141
    E-mail:     frances.lewis@usdoj.gov
                suria.bahadue@usdoj.gov

               UNITED STATES DISTRICT COURT

         FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          No. CR 22-00177-ODW

          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                   STEVE LEE DOMINGUEZ
          v.

STEVE LEE DOMINGUEZ,

          Defendant.

     1.   This constitutes the plea agreement between STEVEN LEE

DOMINGUEZ ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

               RULE 11(c)(1)(C) AGREEMENT

     2.   Defendant understands that this agreement is entered into

pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Accordingly, defendant understands that, if the Court determines that

it will not accept this agreement, absent a breach of this agreement

1  by defendant prior to that determination and whether or not defendant

2  elects to withdraw any guilty plea entered pursuant to this

3  agreement, this agreement will, with the exception of paragraph 22

4  below, be rendered null and void and both defendant and the USAO will

5  be relieved of their obligations under this agreement.  Defendant

6  agrees, however, that if defendant breaches this agreement prior to

7  the Court's determination whether or not to accept this agreement,

8  the breach provisions of this agreement, paragraphs 25 and 26 below,

9  will control, with the result that defendant will not be able to

10  withdraw any guilty plea entered pursuant to this agreement, the USAO

11  will be relieved of all of its obligations under this agreement, and

12  the Court's failure to follow any recommendation or request regarding

13  sentence set forth in this agreement will not provide a basis for

14  defendant to withdraw defendant's guilty plea.

15                        DEFENDANT'S OBLIGATIONS

16      3.   Defendant agrees to:

17          a.   At the earliest opportunity requested by the USAO and

18  provided by the Court, appear and plead guilty to count one of the

19  indictment in United States v. Steven Lee Dominguez, CR No. 22-00177-

20  ODW, which charges defendant with bias-motivated interference with

21  federally protected activities in violation of 18 U.S.C.

22  § 245(b)(2)(B).

23          b.   Not contest the Factual Basis agreed to in this

24  agreement.

25          c.   Abide by all agreements regarding sentencing contained

26  in this agreement and affirmatively recommend to the Court that it

27  impose sentence in accordance with paragraph 16 of this agreement.

28

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

1          j.    Authorize the USAO to obtain a credit report upon

2    returning a signed copy of this plea agreement.

3          k.    Consent to the USAO inspecting and copying all of

4    defendant's financial documents and financial information held by the

5    United States Probation and Pretrial Services Office

6          l.    Agree to and not oppose, as a condition of probation

7    or supervised release, the imposition of the condition that defendant

8    participate in anti-hate or anti-bias treatment program(s) as

9    approved and directed by the Probation Office.

                          THE USAO'S OBLIGATIONS

11   4.   The USAO agrees to:

12         a.    Not contest the Factual Basis agreed to in this

13   agreement.

14         b.    Abide by all agreements regarding sentencing contained

15   in this agreement and affirmatively recommend to the Court that it

16   impose sentence in accordance with paragraph 16 of this agreement.

17         c.    At the time of sentencing, move to dismiss the

18   remaining count of the indictment as against defendant.  Defendant

19   agrees, however, that at the time of sentencing the Court may

20   consider any dismissed charges in determining the applicable

21   Sentencing Guidelines range, the propriety and extent of any

22   departure from that range, and the sentence to be imposed.

                          NATURE OF THE OFFENSE

24   5.   Defendant understands that for defendant to be guilty of

25   the crime charged in count one, that is, bias-motivated interference

26   with federally protected activities, in violation of 18 U.S.C.

27   § 245(b)(2)(B), the following must be true: first, defendant used

28   force or threat of force; second, defendant willfully intimidated or

1  interfered with a person, or attempted to do so; third, defendant
2  acted because of that person's race, color, religion, or national
3  origin; and fourth, defendant acted because that person was
4  participating or enjoying a benefit, service, privilege, program,
5  facility, or activity provided or administered by a State or its
6  subdivision.

7      6.   Defendant understands that for defendant to be subject to
8  the heightened statutory maximum sentence set forth below, the
9  government must prove beyond a reasonable doubt that defendant's use
10 of force or threat of force involved the use, attempted use, or
11 threatened use of a dangerous weapon, as alleged in count one of the
12 indictment.   Defendant admits that defendant, in fact, used a
13 dangerous weapon in the commission of the offense, namely, his car,
14 as described in count one of the indictment.

15                    PENALTIES AND RESTITUTION

16     7.   Defendant understands that the statutory maximum sentence
17 that the Court can impose for a violation of 18 U.S.C.
18 § 245(b)(2)(B), is: 10 years' imprisonment; a three-year period of
19 supervised release; a fine of $250,000 or twice the gross gain or
20 gross loss resulting from the offense, whichever is greatest; and a
21 mandatory special assessment of $100.

22     8.   Defendant agrees to make full restitution to the victim(s)
23 of the offense to which defendant is pleading guilty.   Defendant
24 agrees that, in return for the USAO's compliance with its obligations
25 under this agreement, the Court may order restitution to persons
26 other than the victim(s) of the offense to which defendant is
27 pleading guilty and in amounts greater than those alleged in the
28 count to which defendant is pleading guilty.   In particular,

defendant agrees that the Court may order restitution to any victim
of any of the following for any losses suffered by that victim as a
result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in
connection with the offense to which defendant is pleading guilty;
and (b) any count dismissed pursuant to this agreement as well as all
relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with
that count.

9.   Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated

6

1  collateral consequences will not serve as grounds to withdraw
2  defendant's guilty plea.

3      11.  Defendant understands that, if defendant is not a United
4  States citizen, the felony conviction in this case may subject
5  defendant to: removal, also known as deportation, which may, under
6  some circumstances, be mandatory; denial of citizenship; and denial
7  of admission to the United States in the future.  The Court cannot,
8  and defendant's attorney also may not be able to, advise defendant
9  fully regarding the immigration consequences of the felony conviction
10 in this case.  Defendant understands that unexpected immigration
11 consequences will not serve as grounds to withdraw defendant's guilty
12 plea.

13                          FACTUAL BASIS

14     12.  Defendant admits that defendant is, in fact, guilty of the
15 offense to which defendant is agreeing to plead guilty.  Defendant
16 and the USAO agree to the statement of facts provided below and agree
17 that this statement of facts is sufficient to support a plea of
18 guilty to the charge described in this agreement and to establish the
19 Sentencing Guidelines factors set forth in paragraph 14 below but is
20 not meant to be a complete recitation of all facts relevant to the
21 underlying criminal conduct or all facts known to either party that
22 relate to that conduct.

23     On March 21, 2021, in Los Angeles County, within the Central
24 District of California, defendant willfully, by force and threat of
25 force, including the use, attempted use, and threatened use of a
26 dangerous weapon (his car), intimidated and interfered with
27 individuals because of their actual and perceived race, color, and
28 national origin and because they were enjoying facilities (a public

1  sidewalk and crosswalk) provided and administered by the State of
2  California and a subdivision thereof.

3      Specifically, on that day, community members organized a "Stop
4  Asian Hate" rally in Diamond Bar, California, to speak out against
5  and bring awareness to the increase in hate crimes and hate incidents
6  against members of the Asian American and Pacific Islander ("AAPI")
7  community in California and throughout the country.  A group of rally
8  participants assembled at the intersection of Diamond Bar Boulevard
9  and Grand Avenue (the "intersection") with visible American flags and
10  large signs supporting their cause.  They engaged in lawful speech
11  and assembly to oppose racially-motivated violence and harassment
12  that denied members of the AAPI community the right to enjoy public
13  streets and sidewalks, public parks, restaurants, retail stores,
14  public schools, and transportation without discrimination on account
15  of race, color, or national origin.  During the rally, the
16  participants were peacefully and lawfully assembled on the public
17  sidewalks and used the marked crosswalks when they had the legal
18  right of way.

19      Among the rally participants were: (1) victim V.C., an adult
20  Asian female carrying a sign that read "STOP ASIAN HATE;" (2) victim
21  B.W., an adult Asian male; (3) victim S.P., an adult Asian male;
22  (4) victim B.H., an adult Asian female carrying a sign that read
23  "STOP ASIAN HATE;" (5) victim Z.C., an adult Asian male; and
24  (6) victim C.H., a minor African-American female carrying a sign that
25  read "END THE VIOLENCE AGAINST ASIANS" (collectively, the "Victims").

26      Defendant drove to the "Stop Asian Hate" rally in his car, a
27  black Honda four-door sedan.  When he approached the intersection at
28  the center of the rally, he stopped and yelled "Go back to China!"

8

1   and "fuck China!" to the rally participants, including the Victims.

2   Defendant then deliberately ran a red light and drove his car, which

3   was at all times a dangerous weapon, through the crosswalk of the

4   intersection.  He made an illegal U-turn and cut off the route of

5   several rally participants who were lawfully crossing the street in

6   the crosswalk.  The Victims, other adults, and a nine-year-old child

7   had to quickly move to avoid being hit by defendant's car.  Defendant

8   then got out of his car and continued to yell racial epithets and

9   threatening language at the rally participants, including "come on

10   you fucking Niggers," "you Jap motherfucker," "Fuck you, you Gook!"

11   and "Fuck you, I'll be back," among others.

12   ~~Afterward, defendant called 911 and falsely claimed to police~~    FSL

13   ~~that the Victims were threatening him and his car and were otherwise~~

14   ~~behaving unlawfully.  In fact, the Victims were behaving lawfully,~~    KLM

15   ~~and defendant contacted the police in hopes that the police would~~

16   ~~arrive to the scene and further disrupt the demonstration.~~

17   Defendant targeted this rally and the rally participants,

18   including the Victims, because of their actual and perceived race,

19   color, and national origin.  He also acted because the Victims and

20   other rally participants were using the public sidewalks and

21   crosswalks for their rally and he wanted them to stop.  Defendant

22   used his car to intimidate and interfere with the Victims' lawful

23   activities because they had been exercising their right to free

24   speech and peaceful assembly ~~on a topic with which he disagreed,~~    FSL KLM

25   ~~namely, the need for racial justice for AAPI citizens and~~ opposing

26   the denial of the opportunity for AAPI members to participate in

27   federally protected activities without discrimination on account of

28   race, color, or national origin.  By running a red light, making his



illegal U-turn, and driving through the crosswalk, defendant
intimidated the rally participants, including the Victims, and
interfered with their free speech and peaceful assembly.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only.

14.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 10 | U.S.S.G. § 2H1.1(a)(3) |
| Hate Crime Motivation: | +3 | U.S.S.G. § 3A1.1(a) |

15.  The parties agree not to argue that any other specific
offense characteristics, adjustments, or departures be imposed.

16.  Defendant and the USAO agree that, taking into account the
factors listed in 18 U.S.C. §§ 3553(a)(1)-(7) and the relevant
Sentencing Guideline factors set forth above, an appropriate
disposition of this case is that the Court impose a sentence of
either probation or a term of imprisonment of no greater than 12
months.  The government agrees to recommend a sentence of probation.
There is no agreement between the parties as to the length of any
term of probation the government will recommend or the terms of any
probationary sentence imposed.  The parties agree that no prior
imprisonment (other than credits that the Bureau of Prisons may allow
under 18 U.S.C. § 3585(b)) may be credited against this stipulated
sentence, including credit under Sentencing Guideline § 5G1.3.  There

10

1   is no agreement between the parties as to an amount for restitution,

2   if any.

3                   WAIVER OF CONSTITUTIONAL RIGHTS

4       17.   Defendant understands that by pleading guilty, defendant

5   gives up the following rights:

6           a.    The right to persist in a plea of not guilty.

7           b.    The right to a speedy and public trial by jury.

8           c.    The right to be represented by counsel -- and if

9   necessary have the Court appoint counsel -- at trial.  Defendant

10  understands, however, that, defendant retains the right to be

11  represented by counsel -- and if necessary have the Court appoint

12  counsel -- at every other stage of the proceeding.

13          d.    The right to be presumed innocent and to have the

14  burden of proof placed on the government to prove defendant guilty

15  beyond a reasonable doubt.

16          e.    The right to confront and cross-examine witnesses

17  against defendant.

18          f.    The right to testify and to present evidence in

19  opposition to the charges, including the right to compel the

20  attendance of witnesses to testify.

21          g.    The right not to be compelled to testify, and, if

22  defendant chose not to testify or present evidence, to have that

23  choice not be used against defendant.

24          h.    Any and all rights to pursue any affirmative defenses,

25  Fourth Amendment or Fifth Amendment claims, and other pretrial

26  motions that have been filed or could be filed.

27

28

                              11

WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

19.   Defendant agrees that, provided the Court imposes a sentence of probation or a total term of imprisonment on the count of conviction of no greater than 12 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

1    authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation

2    or supervised release agreed to by defendant in paragraph 3 above.

3        20.   The USAO agrees that, provided (a) all portions of the

4    sentence are at or below the statutory maximum specified above and

5    (b) the Court imposes a term of probation or a total term of

6    imprisonment on the count of conviction of no greater than 12 months,

7    the USAO gives up its right to appeal any portion of the sentence,

8    with the exception that the USAO reserves the right to appeal the

9    amount of restitution ordered.

10       21.   Defendant also gives up any right to bring a post-

11   conviction collateral attack on the conviction or sentence, including

12   any order of restitution, except a post-conviction collateral attack

13   based on a claim of ineffective assistance of counsel, a claim of

14   newly discovered evidence, or an explicitly retroactive change in the

15   applicable Sentencing Guidelines, sentencing statutes, or statutes of

16   conviction.   Defendant understands that this waiver includes, but is

17   not limited to, arguments that the statute to which defendant is

18   pleading guilty is unconstitutional, and any and all claims that the

19   statement of facts provided herein is insufficient to support

20   defendant's plea of guilty.

21                    RESULT OF WITHDRAWAL OF GUILTY PLEA

22       22.   Defendant agrees that if, after entering a guilty plea

23   pursuant to this agreement, defendant seeks to withdraw and succeeds

24   in withdrawing defendant's guilty plea on any basis other than a

25   claim and finding that entry into this plea agreement was

26   involuntary, then (a) the USAO will be relieved of all of its

27   obligations under this agreement; and (b) should the USAO choose to

28   pursue any charge that was either dismissed or not filed as a result

1  of this agreement, then (i) any applicable statute of limitations

2  will be tolled between the date of defendant's signing of this

3  agreement and the filing commencing any such action; and

4  (ii) defendant waives and gives up all defenses based on the statute

5  of limitations, any claim of pre-indictment delay, or any speedy

6  trial claim with respect to any such action, except to the extent

7  that such defenses existed as of the date of defendant's signing this

8  agreement.

9              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

10      23.  Defendant agrees that if the count of conviction is

11  vacated, reversed, or set aside, both the USAO and defendant will be

12  released from all their obligations under this agreement.

13              EFFECTIVE DATE OF AGREEMENT

14      24.  This agreement is effective upon signature and execution of

15  all required certifications by defendant, defendant's counsel, and an

16  Assistant United States Attorney.

17              BREACH OF AGREEMENT

18      25.  Defendant agrees that if defendant, at any time after the

19  signature of this agreement and execution of all required

20  certifications by defendant, defendant's counsel, and an Assistant

21  United States Attorney, knowingly violates or fails to perform any of

22  defendant's obligations under this agreement ("a breach"), the USAO

23  may declare this agreement breached.  All of defendant's obligations

24  are material, a single breach of this agreement is sufficient for the

25  USAO to declare a breach, and defendant shall not be deemed to have

26  cured a breach without the express agreement of the USAO in writing.

27  If the USAO declares this agreement breached, and the Court finds

28  such a breach to have occurred, then: (a) if defendant has previously

14

1  entered a guilty plea pursuant to this agreement, defendant will not
2  be able to withdraw the guilty plea, and (b) the USAO will be
3  relieved of all its obligations under this agreement.

4      26.  Following the Court's finding of a knowing breach of this
5  agreement by defendant, should the USAO choose to pursue any charge
6  that was either dismissed or not filed as a result of this agreement,
7  then:

8          a.   Defendant agrees that any applicable statute of
9  limitations is tolled between the date of defendant's signing of this
10 agreement and the filing commencing any such action.

11         b.   Defendant waives and gives up all defenses based on
12 the statute of limitations, any claim of pre-indictment delay, or any
13 speedy trial claim with respect to any such action, except to the
14 extent that such defenses existed as of the date of defendant's
15 signing this agreement.

16         c.   Defendant agrees that: (i) any statements made by
17 defendant, under oath, at the guilty plea hearing (if such a hearing
18 occurred prior to the breach); (ii) the agreed-to Factual Basis
19 statement in this agreement; and (iii) any evidence derived from such
20 statements, shall be admissible against defendant in any such action
21 against defendant, and defendant waives and gives up any claim under
22 the United States Constitution, any statute, Rule 410 of the Federal
23 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
24 Procedure, or any other federal rule, that the statements or any
25 evidence derived from the statements should be suppressed or are
26 inadmissible.

27
28

                              15

COURT AND UNITED STATES PROBATION AND

PRETRIAL SERVICES OFFICE NOT PARTIES

27.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant

understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____       _____ 10/26/2023 _____
FRANCES S. LEWIS                       Date
SURIA M. BAHADUE
Assistant United States Attorneys


_____       _____ 10/26/2023 _____
STEVE LEE DOMINGUEZ                     Date
Defendant


_____       _____ 10/26/2023 _____
KATE MORRIS                            Date
IJEOMA EKE
Deputy Federal Public Defenders

Attorneys for Defendant
STEVE LEE DOMINGUEZ

18

1                    CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.  I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charge and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19

20  STEVE LEE DOMINGUEZ                    Date  10/25/2023
    Defendant

21

22

23

24

25

26

27

28

1

CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am STEVE LEE DOMINGUEZ's attorney.  I have carefully and

3  thoroughly discussed every part of this agreement with my client.

4  Further, I have fully advised my client of his rights, of possible

5  pretrial motions that might be filed, of possible defenses that might

6  be asserted either prior to or at trial, of the sentencing factors

7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the Factual Basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  KATE MORRIS                                    Date  10/26/2023
   IJEOMA EKE
18  Deputy Federal Public Defenders

19  Attorneys for Defendant
   STEVE LEE DOMINGUEZ

20

21

22

23

24

25

26

27

28